UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RYAN F. HAGAN,<br>　　　　Plaintiff,<br><br>v.<br><br>SIGNATURE AVIATION<br>US HOLDINGS, INC.,<br><br>　　　　Defendant. | Civil Action No. 24-cv-12256-AK |

**ORDER**

**KELLEY, D.J.**

　　Plaintiff Ryan Hagan ("Plaintiff"), proceeding pro se, brings this action against his former employer, Signature Aviation US Holdings, Inc. ("Defendant"). The initial complaint asserted claims under M.G.L. ch. 149, § 52C for withholding the complete employee personnel record, M.G.L. ch. 149, § 148 for withholding wages, and M.G.L. ch. 149, § 185 for retaliating against him for whistleblowing activity. Upon being removed to this Court, Plaintiff amended his Complaint ("Amended Complaint"), which included only two claims: a violation of the False Claims Act ('FCA") as a qui tam claim and retaliation. The Government declined to intervene, and the Defendant moved to dismiss the entire case. For the reasons stated below, the Court **GRANTS** Defendant's Motion to Dismiss. Plaintiff's False Claims Act claim is **DISMISSED** with prejudice and Plaintiff's retaliation claim is **DISMISSED** without prejudice.

1

I.  **Scope of Review**

This Court recognizes that pro se pleadings are to be liberally construed and in favor of the pro se party.  See e.g., Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990).  At the same time, pro se plaintiffs are not "insulate[d] from complying with procedural and substantive law." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997) (citations omitted).

Ordinarily, the Court must only review facts alleged in the complaint and exhibits referenced thereto.  See Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).  Courts that review exhibits not referenced in the complaint must convert the motion to dismiss into one for summary judgment.  Freeman v. Town of Hudson, 714 F.3d 29, 35-6 (1st Cir. 2013).  There is a narrow exception for courts to consider some extrinsic documents without converting the motion to dismiss into a motion for summary judgment.  Id. (internal citation omitted).  These include official public records, documents central to the case, documents whose authenticity is undisputed, and documents sufficiently incorporated.  Id. (internal citation and quotations omitted).

Here, Plaintiff filed a 111-page appendix ("Appendix"), in addition to his Amended Complaint, which includes emails, screenshots of messages, photos, and additional arguments.  Plaintiff's Appendix does not belong in the narrow exception of extrinsic documents this Court can consider because they are unrelated to any matter discussed in the Amended Complaint. [Dkt. 16].  Nor can it be considered an amended complaint since it does not conform to Federal Rule of Civil Procedure 8.  Rule 8 requires pleadings to be "simple, concise, and direct." McCoy v. Providence J. Co., 190 F.2d 760, 766 (1st Cir. 1951); see Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief").  Plaintiff's Appendix is anything but that.  The First Circuit

2

has affirmed the dismissal of complaints shorter and more concise than Plaintiff's Appendix. See Kuehl v. F.D.I.C., 8 F.3d 905, 908 (1st Cir. 1993) (affirming the district court's dismissal of a 43–page, 358-paragraph amended complaint). Accordingly, the Court will only review the well-pleaded facts in Plaintiff's Amended Complaint, which are taken as true for purposes of evaluating Defendant's Motion to Dismiss. See Ruivo v. Wells Fargo Bank, N.A., 766 F.3d 87, 90 (1st Cir. 2014).

## II. Facts

On March 26, 2024, Plaintiff alleges that an estimated 7,500 lbs. of hazardous waste was discharged from an aircraft that was parked within the Defendant's area of responsibility. [Dkt. 15 at ¶ 1]. According to Plaintiff, Defendant then made false statements to and concealed material information from the Massachusetts Port Authority and Massachusetts Department of Environmental Protection. [Id. at ¶¶ 2, 3]. On March 27, 2024, Plaintiff was observed with alcohol. He was also observed distributing alcohol to his colleagues. [Dkt. 15-3 at 1]. Subsequently, Plaintiff was terminated on April 8, 2024 due to alcohol consumption and distribution. [Id.]. Plaintiff contends that his termination constituted retaliation against him to prevent him from exposing the alleged oil spill. [Dkt. 15 at ¶ 5].

## III. Qui Tam Claim

The False Claims Act establishes liability for any person or organization that:

> (1) knowingly presents, or causes to be presented a false or fraudulent claim for payment or approval . . . *to an officer or employee of the United States Government* or a member of the Armed Forces of the United States

31 U.S.C. § 3729(a)(1), (b)(2)(A)(i) (emphasis added).  Defendant argues that the False Claims Act must be dismissed because the alleged false statement was not made to the federal government, as required by the False Claims Act.  This Court agrees.  In his Amended Complaint, Plaintiff repeatedly stated that the alleged false statements were made to the Massachusetts Port Authority ("MassPort") and Massachusetts Department of Environmental Protection ("MassDep").  [See Dkt 15 at ¶¶ 2-4].  In the Opposition to the Motion to Dismiss, Plaintiff adds a brief sentence—for the first time—that the alleged false statements were also made to the United States Environmental Protection Agency ("EPA").  However, this Court declines to consider this new allegation since it was only mentioned in opposition to Defendant's motion.  See Andresen v. Diorio, 349 F.3d 8, 13 (1st Cir. 2003) (arguments presented for the first time in a party's reply brief have been forfeited); see also Winne v. Nat'l Collegiate Student Loan Tr. 2005-1, No. 1:16-CV-00229-JDL, 2017 WL 3573813, at *6 (D. Me. Aug. 17, 2017) ("Factual allegations made for the first time in a responsive memorandum are not properly considered in evaluating the sufficiency of a complaint under Rule 12(b)(6)."); see also Ortiz v. Jimenez-Sanchez, 98 F. Supp. 3d 357, 365 n.5 (D.P.R. 2015) ("But the plaintiffs cannot, of course, add allegations or claims by furnishing them for the first time in an opposition to a motion to dismiss.").

      Nowhere in Plaintiff's Amended Complaint is there a reference to alleged false statements made to the EPA.  In fact, Plaintiff attaches as an exhibit to the Amended Complaint a report from *only* MassPort.  Accordingly, since MassPort and MassDEP are state agencies, Plaintiff has failed to allege that a false claim was made to the federal government.  See United States v. Univ. of Massachusetts, Worcester, 812 F.3d 35, 37 (1st Cir. 2016) (holding that a state

university is not a person or organization subject to suit under the False Claims Act). Accordingly, this claim is dismissed.

## IV.     Retaliation

Plaintiff alleges that, following the alleged oil spill, "the Defendant committed several retaliatory acts against [him], including: defamation, termination, wage theft, intimidation, and harassment which have forced persistent, harmful, and long-lasting effects[.]" [Dkt. 15 at ¶ 11]. Defendant moves to dismiss this claim because "Plaintiff fails to set forth facts to support a claim for retaliation, or any of the alleged retaliatory acts." [Dkt. 22 at 7]. Because Plaintiff's Amended Complaint "does not identify a statute under which [Plaintiff] makes a retaliation claim, Defendant assumes without conceding that he attempts to allege a claim of common-law retaliation." [Id. at n.4]. The Court is not willing to make such an assumption. The Court has reason to believe that Plaintiff, proceeding pro se, meant to bring a statutory retaliatory claim since his initial Complaint and Appendix make reference to such statutes [See Dkts. 10 at 4; 16-2] (mentioning M.G.L. c. 149 § 185 on page 3). Accordingly, the Court will dismiss this claim without prejudice and allow Plaintiff to file a second amended complaint. If Plaintiff wishes to refile, the Court directs him to clearly identify the retaliatory conduct and the claim or statute under which he makes a retaliation claim. Plaintiff is expected to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2) which requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff is also expected to identify relevant facts that support a causal connection between his act and the retaliatory conduct.

## V. Conclusion

Accordingly, Plaintiff's False Claims Act claim is **DISMISSED** with prejudice. Plaintiff's retaliation claim is **DISMISSED** without prejudice.  Plaintiff has 30 days to file a second amended complaint.

**SO ORDERED.**

Dated: June 16, 2025                                    /s/ Angel Kelley
                                                                                     Hon. Angel Kelley
                                                                                     United States District Judge